IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                Plaintiff,                      OPINION AND ORDER

v.

                                                  14-cv-584-wmc

CHARLES ZELLE and WHITE FEMALE
BUS DRIVER,

                Defendants.

---

In this proposed action, *pro se* plaintiff Michael Young alleges that defendants Charles Zelle, the Chief Executive Officer of the Jefferson Bus Lines, and a white female bus driver violated his rights in asking him to move seats. (Dkt. #1.) Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit provided, the court concluded that plaintiff was unable to prepay the fee for filing this lawsuit. The next step is determining whether plaintiff's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Young has failed to state a claim on which relief may be granted, the court will deny him leave to proceed.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts based on the allegations in his complaint.

On June 17, 2014, Young was on a bus for the Jefferson Bus Line, when the bus driver "forced" Young to give up his seat in the back of the bus to a "white dude [who] wanted to sit on the very back seat of the bus to lay down and hide . . . because he was wanted by the police." (Compl. (dkt. #1) ¶ 1.) Young alleges that he a of mixed race, and that the bus driver "threaten[ed] several times in a very rude racially disrespectfully nasty way and manner to put . . . Young off the bus if he refuse[d] to give up the very back seat." (*Id.*)

OPINION

While the nature of plaintiff's claim is unclear at best, it would appear that Young is attempting to assert a discrimination claim against the bus driver and the bus company. Even putting aside other issues (like whether defendants are state actors or could be held liable under some other federal statute), the allegations in the complaint are inadequate to raise an inference that Young was discriminated against based on his race. *See, e.g.*, Title II, 42 U.S.C. § 2000a (prohibiting discrimination or segregation in places of public accommodation). Indeed, crediting the facts as pled, the only reasonable inference is that the bus driver was interested in aiding and abetting a fugitive because of their apparently close relationship, rather than in an effort to inconvenience Young. In any event, Young's general and conclusory allegation that the driver threatened him "in a very rude racially disrespectfully nasty way" does not convert his claim to one under § 2000a.

Accordingly, the court will deny Young leave to proceed. To the extent, Young is able to allege in good faith that the bus driver asked him to move *because* of his race (or, at least, the bus driver was motivated by Young's race), Young may file an amended complaint containing those allegations.

ORDER

IT IS ORDERED that:

1) plaintiff Michael Young's complaint is DISMISSED for his failure to state a claim; and

2) the clerk's office is directed to close this case.

Entered this 5th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge